■ JERROLD K-H SALES CORPORATION, Respondent, v WALTER KIDDE & COMPANY, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered October 4, 1977, granting plaintiff's motion for a protective order vacating appellants' notice to permit entry, reversed, on the law, and in the exercise of discretion, without costs and without disbursements, and motion denied. Plaintiff Jerrold, the prime tenant, seeks to recover damages to the demised premises that allegedly occurred during the subtenancy of the appellants, the Kidde defendants. Prior to appellants' service of their notice to permit entry, their counsel and two assistants were invited on the subject premises by the agent for the owner, Wakefield. Appellants contend that Wakefield had been given permission by Jerrold to show the premises. On the other hand, Jerrold maintains that Wakefield did not have such authority, and therefore, appellants' entry was "unauthorized" and "surreptitious". The court at Special Term granted Jerrold's motion for a protective order vacating appellants' subsequently served notice to permit entry because they had previously violated Jerrold's rights through their unauthorized entry. It is unnecessary to reach the question of whether appellants' original entry was authorized or unauthorized. There is no dispute that appellants' representatives entered the premises in good faith at the invitation of landlord. During that one hour visit, photographs were not taken and the premises were not disturbed in any way. In the absence of any resulting prejudice to the plaintiff, appellants should not be penalized for their prior entry, be it technically authorized or unauthorized. Since the central issue in this case turns upon the claim of extensive damage to the leased premises, the motion for a protective order must be denied and appellants must be afforded the opportunity to inspect and photograph the premises. Concur— Murphy, P. J., Birns and Silverman, JJ.; Markewich, J., dissents in the following memorandum: I dissent and would affirm. Special Term's decision was an unexceptionable exercise of discretion with which we should not interfere.